PER CURIAM.
 

 The Florida Bar’s Rules of Judicial Administration Committee (Committee) has filed an out-of-cycle report proposing amendments to Florida Rule of Judicial Administration 2.540, Notices to Persons with Disabilities. We have jurisdiction.
 
 See
 
 art. V, § 2(a), Fla. Const.
 

 BACKGROUND
 

 The Committee has proposed extensive amendments to rule 2.540 in order to better guide Florida courts and members of the public as to their rights and obligations under the Americans with Disabilities Act of 1990(ADA).
 
 See
 
 42 U.S.C. §§ 12101-12213 (2006). These amendments are also intended to promote uniformity in the provision of accommodations to individuals with disabilities. The Committee’s proposal was drafted with input and comments from various groups, including the Equal Opportunity Law Section of the Florida Bar (EOLS), the Office of the State Court Administrator (OSCA), and the Judicial Administration Committee of the Conference of Circuit Judges. Additionally, the Small Claims Rules Committee (SCRC) has independently suggested amendments to rule 2.540; the Committee indicated that it did not incorporate the SCRC’s suggestions into its own proposal, but it is not opposed to those changes.
 

 The Court published the proposed amendments in the October 1, 2009, edi
 
 *882
 
 tion of
 
 The Florida Bar News
 
 and received several comments. The Committee filed a response to the comments. After considering the proposal, the comments, and the Committee’s response, we adopt the amendments to rule 2.540 as proposed, with the exception of the specific revisions outlined below.
 

 AMENDMENTS
 

 Rule 2.540 provides for notice to persons with disabilities of their right to request accommodations. New subdivisions have been added governing the provision of such accommodations. Accordingly, the title of rule 2.540 is changed from “Notices to Persons with Disabilities” to “Requests for Accommodations by Persons with Disabilities” in order to reflect the broader content.
 

 The rule is organized into six new subdivisions. Subdivision (a), Duties of Court, recognizes the court system’s obligation to provide accommodations to qualified persons with disabilities. This subdivision provides that a qualified individual with a disability will be provided, at the court’s expense, with accommodations, reasonable modifications to court rules and practices, and the provision of auxiliary aids or services. Subdivision (b), Definitions, incorporates the definitions from the ADA into rule 2.540.
 

 Subdivision (c), Notice Requirement, encompasses the requirement under the ADA that public entities, including courts, notify persons with disabilities of their right to request accommodations. Subdivision (c)(1) incorporates text from the current rule, which requires that standard language informing individuals of their right to request disability accommodations be included in all notices of court proceedings and process compelling attendance in court. At the suggestion of the SCRC, we have added the requirement that the standard notice shall be printed in boldface, 14-point Times New Roman or Courier font. We also added the requirement that individuals who wish to request an accommodation must contact the appropriate court at least seven days before their scheduled court appearance, or immediately upon receiving the notification if the time before the scheduled appearance is less than seven days. Subdivision (c)(2) of the rule contains new language that requires trial and appellate courts to post the procedures for requesting accommodations and the grievance procedures outlined in subdivision (f) throughout each court’s building and on its website.
 

 Subdivision (d), Process for Requesting Accommodations, sets out the procedure for requesting disability accommodations. Subdivision (d)(1) provides the form in which such requests may be presented to the court. We have revised the Committee’s proposal to state that the request for accommodations must be made within the timeframe provided in subdivision (d)(3). Subdivision (d)(2) requires that the request for accommodations include a description of the accommodation sought; a statement of the impairment that necessitates the accommodation; and the duration that the accommodation is to be provided. Finally, subdivision (d)(3) sets forth the time frame in which requests for disability accommodations should be made. We have revised the Committee’s proposal so that the time provided is identical to the time frame given to request an accommodation under subdivision (c)(1), at least seven days before the scheduled court appearance or immediately upon receiving notification if the time before the scheduled court appearance is less than seven days.
 

 Subdivision (e), Response to Accommodation Request, outlines the process through which a court will respond to a request for accommodations and either
 
 *883
 
 grant, grant in part, or deny the request. Subdivision (e)(1) states that the court must consider, but is not limited by, the provisions of the ADA in reviewing a request for accommodations and determining the appropriate response. Subdivision (e)(2) describes the manner in which the court will respond to the accommodation request. The Committee’s original proposal required the court to respond to every request for disability accommodations in writing. Based upon the comments directed to this subdivision, as well as the Committee’s response to those comments, we have modified the Committee’s proposal. As revised, subdivision (e)(2) provides that if the request for accommodation is granted in its entirety, the court shall respond to the individual with a disability by any appropriate method. If the request is denied or granted only in part, or if an alternative accommodation is granted, the court must respond to the individual with a disability in writing. Lastly, subdivision (e)(3) provides that if a court determines that an individual is a qualified person with a disability and an accommodation is needed, the court may only deny the request if it determines that the requested accommodation would create an undue financial or administrative burden on the court or would fundamentally alter the nature of the service, program, or activity.
 

 Finally, subdivision (f), Grievance Procedure, directs each judicial circuit and appellate court to establish and publish grievance procedures that allow for the resolution of complaints.
 

 CONCLUSION
 

 Accordingly, we amend Florida Rule of Judicial Administration 2.540 as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. These amendments shall become effective immediately upon the release of this opinion.
 

 The Court wishes to thank the Rules of Judicial Administration Committee, as well as the Equal Opportunity Law Section of the Bar, OSCA, the SCRC, and all the other commentors, for their valuable insight and assistance in addressing this important matter.
 

 It is so ordered.
 

 QUINCE, C.J., and PARIENTE, LEWIS, CANADY, POLSTON, LABARGA, and PERRY, JJ., concur.
 

 APPENDIX
 

 RULE 2.540. NOTICES — TO—REQUESTS FOR ACCOMMODATIONS BY PERSONS WITH DISABILITIES
 

 (a) Duties of Court. Qualified individuals with a disability will be provided, at the court’s expense, with accommodations, reasonable modifications to rules, policies, or practices, or the provision of auxiliary aids and services, in order to participate in programs or activities provided by the courts of this state. The court may deny a request only in accordance with subdivision (e).
 

 (b)Definitions. The definitions encompassed in the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq., are incorporated into this rule.
 

 (c) Notice Requirement.
 

 (1) All notices of court proceedings to be held in a public facility, and all process compelling appearance at such proceedings, shall include the following statement in bold face, 14-point Times New Roman or Courier font:
 

 “If you are a person with a disability who needs any accommodation in order to
 
 *884
 
 participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact [identify applicable court personnel by name, address, and telephone number] within — ¾ days-of-your receipt of this [descr-ibe-no-tíee] at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.”
 

 (2) Each trial and appellate court shall post on its respective website and in each court facility the procedures for obtaining an accommodation as well as the grievance procedure adopted by that court.
 

 (d) Process for Requesting Accommodations. The process for requesting accommodations is as follows:
 

 (1) Requests for accommodations under this rule may be presented on a form approved or substantially similar to one approved by the Office of the State Courts Administrator, in another written format, or orally. Requests must be forwarded to the ADA coordinator, or designee, within the time frame provided in subdivision (d)(3).
 

 (2) Requests for accommodations must include a description of the accommodation sought, along with a statement of the impairment that necessitates the accommodation and the duration that the accommodation is to be provided. The court, in its discretion, may require the individual with a disability to provide additional information about the impairment. Requests for accommodation shall not include any information regarding the merits of the case-
 

 lS) Requests for accommodations must be made at least 7 days before the scheduled court appearance, or immediately upon receiving notification if the time before the scheduled court appearance is less than 7 days. The court may, in its discretion, waive this requirement.
 

 (e) Response to Accommodation Request. The court must respond to a request for accommodation as follows:
 

 (1) The court must consider, but is not limited by, the provisions of the Americans with Disabilities Act of 1990 in determining whether to provide an accommodation or an appropriate alternative accommodation.
 

 (2) The court must inform the individual with a disability of the following:
 

 (A) That the request for accommodation is granted or denied, in whole or in part, and if the request for accommodation is denied, the reason therefor; or that an alternative accommodation is granted;
 

 (B) The nature of the accommodation to be provided, if any; and
 

 (C) The duration of the accommodation to be provided.
 

 If the request for accommodation is granted in its entirety, the court shall respond to the individual with a disability by any appropriate method. If the request is denied or granted only in part, or if an alternative accommodation is granted, the court must respond to the individual with a disability in writing, as may be appropriate, and if applicable, in an alternative format-
 

 jg) If the court determines that a person is a qualified person with a disability and an accommodation is needed, a request for accommodation may be denied only when the court determines that the requested accommodation would create an undue financial or administrative burden on the court or would fundamentally alter the nature of the service, program, or activity.
 

 
 *885
 
 (f) Grievance Procedure.
 

 (1) Each .judicial circuit and appellate court shall establish and publish grievance procedures that allow for the resolution of complaints. Those procedures may be used by anyone who wishes to file a complaint alleging discrimination on the basis of disability in the provision of services, activities, programs, or benefits by the Florida State Courts System.
 

 (2) If such grievance involves a matter that may affect the orderly administration of justice, it is 'within the discretion of the presiding judge to stay the proceeding and seek expedited resolution of the griev-anee.