PER CURIAM.
This matter is before the Court for consideration of amendments to the Florida Supreme Court Approved Family Law Forms and the Florida Family Law Rules of Procedure Forms. We have jurisdiction. See art. V, § 2(a), Fla. Const.
Under Amendments to the Florida Family Law Rules of Procedure & Family Law Forms, 810 So.2d 1, 13-14 (Fla.2000), the Court internally reviews and maintains the Florida Supreme Court Approved Family Law Forms. Revisions to Florida Supreme Court Approved Family Law Forms have become necessary as a result of an amendment to Florida Rule of Judicial Administration 2.540, requiring all notices of court proceedings to contain the following statement in bold face, 14-point Times New Roman or Courier type:
If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact [identify applicable court personnel by name, address, and telephone number] at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.
In re Amends. to Fla. Rule of Jud. Admin. 2.540, 41 So.3d 881, 883-84 (Fla.2010). The amendments to the Florida Supreme Court Approved Family Law Forms[1] are meant to conform existing language in the forms to the specific language required by rule 2.540. We also on our own motion amend Florida Family Law Rule of Procedure form 12.920(c), Notice of Hearing Before General Magistrate, to this same end.[2] Other minor and editorial amendments are also made to the forms.
Accordingly, the Florida Supreme Court Approved Family Law Forms are hereby amended as set forth in the appendix to this petition, fully engrossed and ready for use. The amendments shall become effective immediately upon release of this opinion. Because the amendments were not published for comment prior to adoption, interested persons shall have sixty days from the date of this opinion in which to file comments with the Court.[3] By adoption of these forms, we express no opinion as to their correctness or applicability. The forms discussed herein may also be accessed and downloaded from the Florida State Courts website at www.flcourts.org/ gen_public/family/forms_rules/index.shtml.
It is so ordered.
*215 CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and PERRY, JJ., concur.
APPENDIX
INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORMS 12.920(a), MOTION FOR REFERRAL TO GENERAL MAGISTRATE, 12.920(b), ORDER OF REFERRAL TO GENERAL MAGISTRATE, and 12.920(c), NOTICE OF HEARING BEFORE GENERAL MAGISTRATE (09/11)
When should these forms be used?
A general magistrate is an attorney appointed by a judge to take testimony and recommend decisions on certain matters connected with a divorce. These recommendations are then reviewed by the judge and are generally approved unless contrary to the law or the facts of the case. The primary purposes of having general magistrates hear family law matters are to reduce the costs of litigation and to speed up cases. Either party may request that their case, or portions of their case, be heard by a general magistrate by filing Motion for Referral to General Magistrate, Florida Family Law Rules of Procedure Form 12.920(a). You must also prepare an Order of Referral to General Magistrate, Florida Family Law Rules of Procedure Form 12.920(b), to submit to the judge assigned to your ease.
Many times, the court, either on its own motion or under current administrative orders of the court, may refer your case to a general magistrate. Even in those instances, you may be required to prepare and submit an Order of Referral to General Magistrate, Florida Family Law Rules of Procedure Form 12.920(b), to the judge.
Once a general magistrate has been appointed to your case, the general magistrate will assign a time and place for a hearing as soon as reasonably possible after the referral is made. The general magistrate will give notice of that hearing to each of the parties directly or will direct a party or attorney in the case to file and serve a notice of hearing on the other party. If you are asked to send the notice of hearing, you will need to use the form entitled Notice of Hearing Before General Magistrate, Florida Family Law Rules of Procedure Form 12.920(c). Regardless of who prepares the notice of hearing, the moving party (the one who requested referral to the general magistrate) is required to have the notice properly served on the other party.
These forms should be typed or printed in black ink. After completing this form, you should file the original with the clerk of the circuit court in the county where your case is filed and keep a copy for your records.
What should I do next?
If you are filing a Motion for Referral to General Magistrate, Florida Family Law Rules of Procedure Form 12.920(a), you need to send or deliver your motion directly to the judge assigned to your case, along with an Order of Referral to General Magistrate, Florida Family Law Rules of Procedure Form 12.920(b), and an addressed, stamped envelope for each party in the case. The judge will then either grant or deny the motion, usually without a hearing.
If you are required to submit an Order of Referral to General Magistrate, Florida Family Law Rules of Procedure Form 12.920(b), to the judge assigned to your case, you will need to send or deliver the order directly to the judge, along with *216 addressed, stamped envelopes for each party in the case.
The party who prepares any of these forms must file the original with the clerk of the circuit court. A copy of the motion must be mailed or hand delivered to any other party in your case.
Where can I look for more information?
Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms. For further information, see rule 12.490, Florida Family Law Rules of Procedure.
Special notes ...
IMPORTANT: After the judge refers your case to a general magistrate, either party (including the party who was required to prepare and submit the Order of Referral) may object to the referral within 10 days of the date that the referral is made (if the Order of Referral is served by mail, the parties have an additional 5 days within which to object to the referral). Every litigant is entitled to have his or her case heard by a judge. However, before you decide to object to an Order of Referral to General Magistrate, you should consider the potential extra costs and time delays that may result from having a judge hear your case instead of a general magistrate. You may want to speak with an attorney in your area who can assist you in making a more informed decision regarding whether you should file an objection to an Order of Referral to General Magistrate.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
*217 [[Image here]]
*218 [[Image here]]
*219 [[Image here]]
*220 [[Image here]]
*221 [[Image here]]
*222 [[Image here]]
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.921, NOTICE OF HEARING (CHILD SUPPORT ENFORCEMENT HEARING OFFICERX09/11)
When should this form be used?
A child support enforcement hearing officer is an attorney who has been appointed by administrative order of the court to take testimony and recommend decisions in cases involving the establishment, enforcement, and/or modification of child support If your case only involves issues pertaining to child support, you cannot object to the referral of your case to a hearing officer.
*223 Use this form anytime you have set a hearing before a child support enforcement hearing officer and have been instructed to send notice of the hearing to the other party. Before you fill out this form, you should coordinate a hearing time and date with the hearing officer and the other party. If the Department of Revenue is a party to the case, you may need to schedule your hearing time with the attorney for the Department of Revenue.
This form should be typed or printed in black ink. After completing this form, you should file the original with the clerk of the circuit court in the county where your case is filed and keep a copy for your records.
What should I do next?
A copy of this form must be mailed or hand delivered to the other party in your ease.
Where can I look for more information?
Before proceeding, you should read General Information for Self Represented Litigants found at the beginning of these forms. For further information, See Rule 12.941, Florida Family Law Rules of Procedure.
Special notes ...
An attorney who has been appointed by the court to serve as a child support enforcement hearing officer can also be appointed to serve as a general magistrate. If your case involves only child support issues, your case may properly be referred to a general magistrate acting as a child support enforcement hearing officer.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
*224 [[Image here]]
*225 [[Image here]]
*226 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.923, NOTICE OF HEARING (GENERAL) (09/11)
When should this form be used?
Anytime you have set a hearing before a judge, you must send notice of the hearing to the other party. IMPORTANT: If your hearing has been set before a general magistrate, you should use Notice of Hearing Before General Magistrate, Florida Family Law Rules of Procedure Form 12.920(c). If your hearing has been set before a child support enforcement hearing officer, you should use Notice of Hearing (Child Support Hearing Officer), Florida Supreme Court Approved Family Law Form 12.921.
This form should be typed or printed in black ink. After completing this form, you should file the original with the clerk of the circuit court in the county where your case was filed and keep a copy for your records.
What should I do next?
A copy of this form must be mailed or hand delivered to the other party in your case. If a default has been entered, you must still send this form to the other party to notify the other party of the final hearing.
Where can I look for more information?
Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms. For further information on serving notices of hearing, see rule 1.090(d), Florida Civil Rules of Procedure.
Special notes ...
To set a hearing date and time, you will usually have to make a good-faith effort to coordinate a mutually convenient date and time for you, the other parties in the case, and the judge, except in certain emergency situations. Some circuits may have additional procedural requirements that you must follow when you notify the court and other parties of your scheduled hearing. Therefore, before you complete this form, you should contact the clerk’s office, family law intake staff, or judicial assistant for information regarding the proper procedure to follow.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
*227 [[Image here]]
*228 [[Image here]]
*229 INSTRUCTIONS FOR SUPREME COURT APPROVED FAMILY LAW FORMS 12.931(a), NOTICE OF PRODUCTION FROM NON-PARTY and 12.931(b), SUBPOENA FOR PRODUCTION OF DOCUMENTS FROM NONPARTY (09/11)
When should these forms be used?
These forms should be used if you need copies of documents (for a purpose relating to your case) from a nonparty in your case. Both forms should be typed or printed in black ink.
Notice of Production from Nonparty, Florida Supreme Court Approved Family Law Form 12.931(a), is used to notify the other party in your case that in 10 days you are going to subpoena documents from a nonparty. Subpoena for Production of Documents from Nonparty, Florida Supreme Court Approved Family Law Form 12.931(b), is the actual subpoena directing the nonparty to produce specific documents. You must file the originals of these forms with the clerk of the circuit court. A copy of these forms must be mailed or hand delivered to any other party in your case.
What should I do next?
Ten days after you serve the Notice of Production from Nonparty, Florida Supreme Court Approved Family Law Form 12.931(a), on the other party in your case (15 days if service is by mail), you should ask the clerk of the court to sign the subpoena. You should contact the deputy sheriff or private process server and have the subpoena personally served on the person named in the subpoena.
Where can I look for more information?
Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms. Because these papers must also comply with rule 12.280, Florida Family Law Rule of Procedure, and rules 1.280, 1.350, 1.351, and 1.410, Florida Rules of Civil Procedure, you also should read those rules.
Special notes ...
If the other party in your case objects in writing within 10 days (allow an additional 5 days if served by mail) of service of the Notice of Production from Nonparty, Florida Supreme Court Approved Family Law Form 12.931(a), you may not use this procedure to obtain documents from the nonparty unless and until the court orders otherwise.
The nonparty receiving the subpoena may charge you a reasonable fee for copies of the documents.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
*230 [[Image here]]
*231 [[Image here]]
*232 [[Image here]]
*233 [[Image here]]
*234 [[Image here]]
*235 [[Image here]]
*236 [[Image here]]
*237 [[Image here]]
*238 [[Image here]]
*239 [[Image here]]
*240 [[Image here]]
*241 [[Image here]]
*242 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.961, NOTICE OF HEARING ON MOTION FOR CONTEMPT/ENFORCEMENT (09/11)
When should this form be used?
Use this form anytime you have set a hearing on a Motion for Contempt/Enforcement, Florida Supreme Court Approved Family Law Form 12.960, for a support matter under rule 12.615, Florida Family Law Rules of Procedure. Before you fill out this form, you should coordinate a hearing time and date with the judge or hearing officer and the other party. If the Department of Revenue is a party to the case, you may need to schedule your hearing time with the attorney for the Department of Revenue.
If your case is to be heard by a child support enforcement hearing officer, the following information applies: A child support enforcement hearing officer is an attorney who has been appointed by administrative order of the court to take testimony and recommend decisions in cases involving the establishment, enforcement, and/or modification of child support, and the enforcement of alimony in conjunction with an ongoing child support arrearage order. If your case only involves issues pertaining to child support, you cannot object to the referral of your case to a hearing officer. If your case is going to be heard by a general magistrate, you should use Notice of Hearing Before General Magistrate, Florida Family Law Rules of Procedure Form 12.920(c).
This form should be typed or printed in black ink. After completing this form, you should file the original with the clerk of the circuit court in the county where your case was filed and keep a copy for your records.
What should I do next?
A copy of this form must be personally served by a sheriff or private process server or mailed or hand delivered to any other party(ies) in your case. Please note that if notice is mailed, the court in certain circumstances may not consider mailing to be adequate notice. This is a technical area of the law; if you have any questions about it, you should consult a lawyer. For more information on personal service, see the instructions for Summons: Personal Service on an Individual, Florida Family Law Rules of Procedure Form 12.910(a).
Where can I look for more information?
Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms. For further information, see rules 12.615 and 12.941, Florida Family Law Rules of Procedure.
Special notes
An attorney who has been appointed by the court to serve as a child support enforcement hearing officer can also be appointed to serve as a general magistrate. If your ease involves only child support issues, your case properly may be referred to a general magistrate acting as a child support enforcement hearing officer.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number *243 on the bottom of the last page of every form he or she helps you complete.
[[Image here]]
*244 [[Image here]]

.The Florida Supreme Court Approved Family Law Forms amended are forms 12.921, Notice of Hearing (Child Support Enforcement Hearing Officer); 12.923, Notice of Hearing (General); 12.931(a), Notice of Production from Nonparty; 12.931(b), Subpoena for Production of Documents from Nonparty; 12.941(b), Temporary Injunction to Prevent Removal of Minor Child(ren) and/or Denial of Passport Services (ex parte); 12.941(e), Order to Pick-up Minor Child(ren); 12.944(b), Order for Testimony and Attendance of Minor Child(ren); and 12.961, Notice of Hearing on Motion for Contempt/Enforcement.

. Minor editorial amendments are also made, on our own motion, to Florida Family Law Rule of Procedure forms 12.920(a) and (b).

. An original and nine paper copies of all comments must be filed with the Court on or before November 28, 2011. A separate request for oral argument must be filed if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. Electronic copies of all comments also must be filed in accordance with the Court's administrative order in In re Mandatory Submission of Electronic Copies of Documents, Fla. Admin. Order No. AOSC04-84 (Sept. 13, 2004).