REVISED OPINION

PER CURIAM.
The Florida Bar’s Criminal Procedure Rules Committee (Committee) has filed with the Court its triennial report of regular-cycle proposed rule amendments in accordance with Florida Rule of Judicial Administration 2.140(b)(4). We have jurisdiction. See art. V, § 2(a), Fla. Const. The opinion dated October 18, 2012, is withdrawn and this revised opinion is substituted in its place.
Background
The Committee proposes amendments to Florida Rules of Criminal Procedure 3.111 (Providing Counsel to Indigents); 3.125 (Notice to Appear); 3.140 (Indictments; Informations); 3.191 (Speedy Trial); 3.220 (Discovery); 3.410 (Jury Request to Review Evidence or for Additional Instructions); 3.590 (Time for and Method of Making Motions; Procedure; Custody Pending Hearing); 3.691 (Post-Trial Release); 3.800(a) (Correction, Reduction, and Modification of Sentences — Correction); and 3.851 (Collateral Relief After Death Sentence has been Imposed and Affirmed on Direct Appeal). In addition, the Committee proposes deletion of rule 3.170(l) (Pleas — Motion to Withdraw the Plea after Sentencing).
In accordance with Florida Rule of Judicial Administration 2.140(b)(2), the Com *305 mittee published its proposals for comment prior to filing them here. Comments were received from one individual. Based upon the comment, the Committee withdrew two of the proposals that had been published and made additional amendments to two other rules. The revised proposals were published prior to the Committee filing the proposals with the Court. The Committee also submitted the proposals to the Board of Governors of The Florida Bar, which voted unanimously to approve them. See Fla. R. Jud. Admin. 2.140(b)(3). The Court published the proposals for comment after they were filed. A comment was received from the Florida Public Defender Association, to which the Committee responded.
After reviewing the proposals, comment, and response, and upon consideration of the oral argument heard in this case, we adopt the Committee’s proposals to amend rules 3.111, 3.125, 3.140, 3.191, 3.220, 3.410, 3.590, 3.691, and 3.800 as proposed. We also adopt the editorial amendments to rule 3.851 but decline to adopt the substantive amendments to rule 3.851 pertaining to the filing and sealing of expert reports. Finally, we sever the proposed amendments to rule 3.170 from this case, which will be considered with the proposed amendments to rule 3.170 pending in In re Amendments to the Florida Rules of Criminal Procedure — Postconviction Rules, Case No. SC11-1679.
Amendments
The more significant amendments are discussed below.
The notice to appear form in rule 3.125(i) is amended to comply with a prior amendment to rule 2.540(c) (Requests for Accommodations by Persons with Disabilities — Notice Requirement), requiring the inclusion of instructions for obtaining assistance to individuals with a disability who may need accommodations to participate in a court proceeding. See In re Amendments to Florida Rule of Judicial Administration 2.540, 41 So.3d 881, 883-84 (Fla.2010). Rule 3.125(0 is amended to add the language required by rule 2.540(c).
The Court amends rule 3.140(c)(1) (Indictments; Informations — Caption, Commencement, Date, and Personal Statistics; Caption) to include a caption for use in municipal ordinance violation cases. The amendment is based upon the caption format set forth in rule 2.265(e) (Municipal Ordinance Violations — Style of Municipal Ordinance Cases).
Subdivision (h) of rule 3.191 (Speedy Trial; Notice of Expiration of Time for Speedy Trial; When Timely) is amended to clarify when a notice of expiration of time for speedy trial is timely filed and served. By striking the phrase “on or” from the portion of the rule providing “on or after the expiration of the periods of time for trial provided in this rule,” the rule clarifies that only after the expiration of time for speedy trial is a notification of such an event timely filed.
Subdivision (h)(1) of rule 3.220 (Discovery — Discovery Depositions; Generally) is amended to clarify that, upon application, either a pro se litigant or an attorney for either party may have the court or clerk issue subpoenas.
The amendments to rule 3.410 (Jury Request to Review Evidence or for Additional Instructions) address two separate issues. First, we amend rule 3.410 to permit the playback of digital recordings of trial testimony. Second, the rule is amended to allow the trial court, in its discretion, to respond in writing to a juror’s question rather than bringing the jury back into the courtroom in order for the trial judge to orally respond to the question.
Rule 3.800(a) (Correction, Reduction, and Modification of Sentences — Corree *306 tion) is amended to clarify that a defendant may seek correction of an allegedly erroneous sexual predator designation under the rule, but only when it is apparent from the face of the record that the defendant did not meet the criteria for designation as a sexual predator. This amendment is consistent with our decision in Saintelien v. State, 990 So.2d 494, 497 (Fla.2008).
The amendments to rule 3.851 are limited to editorial changes. We reject the Committee’s proposal to require that certain mental health expert reports in capital postconviction proceedings be filed and maintained' under seal in the trial court file. See In re Amendments to Florida Rule of Judicial Administration 2.420, 68 So.3d 228, 230 (Fla.2011) (rejecting a comment urging that Florida Rule of Judicial Administration 2.420 be amended to provide for the automatic sealing of all mental health evaluations and reports filed in criminal cases).
Accordingly, the Florida Rules of Criminal Procedure are hereby amended as set forth in the appendix to this opinion. New language is underscored; deleted language is struck through. The amendments shall become effective January 1, 2013, at 12:01 a.m.
It is so ordered.
POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.
APPENDIX
RULE 3.111. PROVIDING COUNSEL TO INDIGENTS
(a) [No change]
(b) Cases Applicable.
(1) [No change]
(A) [No change]
(B) [No change]
h(i) not discharge appointed counsel; or
&(ii) discharge appointed counsel and allow the defendant a reasonable time to obtain private counsel, or if the defendant elects to represent himself or herself, a reasonable time to prepare for trial.
(C) [No change]
(2) — (5) [No change]
(c)-(e) [No change]
Committee Notes
[No change]
RULE 3.125. NOTICE TO APPEAR
(a)-(k) [No Change]
(l) Form of Notice to Appear and Schedule of Witnesses and Evidence. The notice to appear and schedule of witnesses and evidence shall be in substantially the following form:
*307 [[Image here]]
*308 Name of Officer ID Agency [ ] Mandatory appearance in court,_ Location on.(date)., at_( )a.m. ( )p.m. [ ] You need not appear in court, but must comply with instructions on back. CO-DEFENDANTS: [ 1 Cited 1._ [ ] Jailed Name DOB Address [ ] Cited 2._ [ ] Jailed Name DOB Address If you are a person with a disability who needs any accommodation in order to participate in this proceeding, von are entitled, at no cost to you, to the provision of certain assistance. Please contact fidentifv applicable court personnel bv name, address, and telephone number! at least 7 days before vour scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days: if you are hearing or voice impaired, call 711. I AGREE TO APPEAR AT THE TIME AND PLACE DESIGNATED ABOVE TO ANSWER THE OFFENSE CHARGED OR TO PAY THE FINE SUBSCRIBED. I UNDERSTAND THAT SHOULD I WILLFULLY FAIL TO APPEAR BEFORE THE COURT AS REQUIRED BY THIS NOTICE TO
*309 [[Image here]]
*310 [[Image here]]
*311 [[Image here]]
Committee Notes
[No change]
RULE 3.140. INDICTMENTS; INFOR-MATIONS
(a)-(b) [No change]
(c) Caption, Commencement, Date, and Personal Statistics.
(1) Caption. No formal caption is essential to the validity of an indictment or information on which the defendant is to be tried. Upon objection made as to its absence a caption shall be prefixed in substantially the following manner:
In the (name of court)
State of Florida versus (name of defendant)
or, in the case of municipal ordinance cases in county court,
City of../ County versus (name of defendant).
Any defect, error, or omission in a caption may be amended as of course, at any stage of the proceeding, whether before or after a plea to the merits, by court order.
(2)-(4) [No change]
(d)-(o) [No change]
Committee Notes
[No change]
RULE 3.191. SPEEDY TRIAL
(a)-(g) [No change]
*312 (h) Notice of Expiration of Time for Speedy Trial; When Timely. A notice of expiration of speedy trial time shall be timely if filed and served on-or after the expiration of the periods of time for trial provided in this rule. However, a notice of expiration of speedy trial time filed before expiration of the period of time for trial is invalid and shall be stricken on motion of the prosecuting attorney.
(i)-(p) [No change]
Committee Notes
[No change]
RULE 3.220. DISCOVERY
(a)-(g) [No change]
(h) Discovery Depositions.
(1) Generally. At any time after the filing of the charging document any party may take the deposition upon oral examination of any person authorized by this rule. A party taking a deposition shall give reasonable written notice to each other party and shall make a good faith effort to coordinate the date, time, and location of the deposition to accommodate the schedules of other parties and the witness to be deposed. The notice shall state the time and the location where the deposition is to be taken, the name of each person to be examined, and a certificate of counsel that a good faith effort was made to coordinate the deposition schedule. After notice to the parties the court may, for good cause shown, extend or shorten the timé and may change the location of the deposition. Except as provided herein, the procedure for taking the deposition, including the scope of the examination, and the issuance of a subpoena (except a subpoena duces tecum) for deposition by an attorney of record in the action, shall be the same as that provided in the Florida Rules of Civil Procedure. Any deposition taken pursuant to this rule may be used by any party for the purpose of contradicting or impeaching the testimony of the deponent as a witness. The trial court or the clerk of the court may, upon application by a pro se litigant or the attorney for any party, issue subpoenas for the persons whose depositions are to be taken. In any case, including multiple defendants or consolidated cases, no person shall be deposed more than once except by consent of the parties or by order of the court issued on good cause shown. A witness who refuses to obey a duly served subpoena may be adjudged in contempt of the court from which the subpoena issued.
(A)-(D) [No change]
(2)-(8) [No change]
(i)-(o) [No change]
Committee Notes
[No change]
Court Commentary
[No change]
RULE 3.410. JURY REQUEST TO REVIEW EVIDENCE OR FOR ADDITIONAL INSTRUCTIONS
After the jurors have retired to consider their verdict, if they request additional instructions or to have any testimony read or played back to them they shallmay be conducted into the courtroom by the officer who has them in charge and the court may give them the additional instructions or may order the testimony read or played back to them. The instructions shall be given and the testimony readpresented only after notice to the prosecuting attorney and to counsel for the defendant. All testimony read or played back must be done in open court in the presence of all parties. In its discretion, the court may respond in writing to the inquiry without *313 having the jury brought before the court, provided the parties have received the opportunity to place objections on the record and both the inquiry and response are made part of the record.
Committee Notes
[No change]
RULE 3.590. TIME FOR AND METHOD OF MAKING MOTIONS; PROCEDURE; CUSTODY PENDING HEARING
(a) [No change]
(b) Time for Filing in Capital Cases Where the Death Penalty Is an Issue. A motion for new trial or arrest of judgment, or both, or for a new penalty phase hearing may be made within tenlO days after written final judgment of conviction and sentence of life imprisonment or death is filed. The motion may address grounds which arose in the guilt phase and the penalty phase of the trial. Separate motions for the guilt phase and the penalty phase may be filed. The motion or motions may be amended without leave of court prior to the expiration of the tenlO day period, and in the discretion of the court, at any other time before the motion is determined.
(c)-(e) [No change]
Committee Notes
[No change]
RULE 3.691. POST-TRIAL RELEASE
(a)-(b) [No change]
(c) Appeal fromReview of Denial. An order by a trial court denying bail to a person pursuant to the provisions of subdivision (a) may be appealed-as- a matter of rightreviewed by motion to aathe appellate court and the appealmotion shall be advanced on the calendar of the appellate court for expeditious review.
(d)-(e) [No change]
Committee Notes
[No change]
RULE 3.800. CORRECTION, REDUCTION, AND MODIFICATION OF SENTENCES
(a) Correction. A court may at any time correct an illegal sentence imposed by it, or an incorrect calculation made by it in a sentencing scoresheet, or a sentence that does not grant proper credit for time served when it is affirmatively alleged that the court records demonstrate on their face an entitlement to that relief, provided that a party may not file a motion to correct an illegal sentence under this subdivision during the time allowed for the filing of a motion under subdivision (b)(1) or during the pendency of a direct appeal. A defendant may seek correction of an allegedly erroneous sexual predator designation under this subdivision, but only when it is apparent from the face of the record that the defendant did not meet the criteria for designation as a sexual predator. All orders denying motions under this subdivision shall include a statement that the movant has the right to appeal within 30 days of rendition of the order.
(b)-(c) [No change]
Committee Notes
[No change]
Court Commentary
[No change]
RULE 3.851. COLLATERAL RELIEF AFTER DEATH SENTENCE HAS BEEN IMPOSED AND AFFIRMED ON DIRECT APPEAL
(a)-(h) [No change]
*314 (i)Dismissal of Postconviction Proceedings.
(1) [No change]
(2) If the prisoner files the motion pro se, the Clerk of the Court shall serve copies of the motion on counsel of record for both the prisoner and the state. Counsel of record may file responses within te»10 days.
(3) [No change]
(4) The judge shall examine the prisoner at the hearing and shall hear argument of the prisoner, collateral counsel, and the state. No fewer than two2 or more than three3 qualified experts shall be appointed to examine the prisoner if the judge concludes that there are reasonable grounds to believe the prisoner is not mentally competent for purposes of this rule. The experts shall file reports with the court setting forth their findings. Thereafter, the court shall conduct an evidentiary hearing and enter an order setting forth findings of competency or incompetency.
(5)-(6) [No change]
(7) If the court determines that the prisoner has made the decision to dismiss pending postconviction proceedings and discharge collateral counsel knowingly, freely, and voluntarily, the court shall enter an order dismissing all pending postconviction proceedings and discharging collateral counsel. But if the court determines that the prisoner has not made the decision to dismiss pending postconviction proceedings and discharge collateral counsel knowingly, freely, and voluntarily, the court shall enter an order denying the motion without prejudice.
(8)-(9) [No change]
Court Commentary
[No change]