PER CURIAM.
 

 We have for consideration amendments to Rule of Judicial Administration 2.420" (Public Access to Judicial Branch Records). We have jurisdiction
 
 [1]
 
 and amend the rule as suggested by the Florida Courts Technology Commission’s Subcommittee on Access to Court Records (Access Subcommittee) to include presentence investigation reports and attached psychological and psychiatric evaluations as an additional category of records that the clerk must automatically maintain as confidential pursuant to rule 2.420(d)(1)(B) of the Rules of Judicial Administration. A party seeking to maintain as confidential psychological or mental health evaluations not included in rule 2.420(d)(1)(B) must utilize the procedures set forth in rule 2.420(d)(3).
 

 This case involves amendments to recently adopted Florida Rule of Judicial Administration 2.420(d) (Procedures for Determining Confidentiality of Court Records) and the companion form (Notice of Confidential Information within Court Filing).
 
 See In re Amendments to Fla. Rule of Jud. Admin. 2.420 & Fla. Rules of App. Pro.,
 
 31 So.3d 756 (Fla.2010) (adopting procedures that allow the clerk of court to readily identify and screen from the public confidential information filed with the court and that refine the procedures for sealing and unsealing court records). The amendments are an offshoot of
 
 In re Implementation of Committee on Privacy & Court Records Recommendations,
 
 — So.3d -, 2011 WL 2566360 (Fla.2011) (involving rule amendments to minimize the amount of unnecessary personal information filed with the court) (“minimization case”). The amendments add presentence investigation reports (PSIs) and any psychological or psychiatric evaluations attached to PSIs to the list of information in court records that the clerk must automatically maintain as confidential under rule 2.420(d)(1)(B).
 

 The amendments to rule 2.420(d)(1)(B) were originally suggested by the Access Subcommittee in its response to a comment filed in the minimization case by the Criminal Procedure Rules Committee (CPR Committee).
 
 See In re Implementation of Committee on Privacy & Court Records Recommendations,
 
 No. SC08-2443 (Fla. response filed Nov. 1, 2010);
 
 In re Implementation of Committee on Privacy & Court Records Recommendations,
 
 No. SC08-2443 (Fla. comment filed May 12, 2010). A minority Access Subcommit
 
 *229
 
 tee report filed in the minimization case urged that all pretrial mental health evaluations should be included in the rule 2.420(d)(1)(B) list.
 
 See In re Implementation of Committee on Privacy & Court Records Recommendations,
 
 No. SC08-2443 (Fla. minority report filed Nov. 1, 2010). Because rule 2.420 was not at issue in the minimization case, this case was created to consider the Access Subcommittee’s suggested amendments to that rule
 
 [2]
 
 and the amendments were published for comment.
 

 Comments in support of the suggested amendments were filed by the Task Force on Substance Abuse and Mental Health Issues in the Court (Task Force) and the Florida Public Defender Association (FPDA). The Task Force also urges us to further amend the rule to include pretrial and post-trial psychological and psychiatric evaluations and reports. The FPDA adopts the views expressed in the minority Access Subcommittee report and by the Task Force. The Access Subcommittee filed a response to the comments, taking the position that mental health evaluations and reports filed in criminal cases (other than those contained in PSIs) are not appropriate for inclusion in the list of information the clerk must automatically treat as confidential under rule 2.420(d)(1)(B). It explains that the Legislature would have to expressly make mental health evaluations filed with the court exempt from public access before those evaluations can properly be added to that list.
 
 [3]
 

 Rule 2.420(d)(1)(B) lists the nineteen categories of information in court records that the clerk of court must automatically designate and maintain as confidential. In our opinion adopting the new rule, we explained that the rule contains a narrow list of public records exemptions that are appropriate in the court context and are readily identifiable by the clerk of court.
 
 See
 
 31 So.3d at 765. In that opinion, we also made clear that other types of information filed with the court that may be confidential but are not included in the subdivision (d)(1)(B) list must be the subject of a case by case judicial determina
 
 *230
 
 tion of confidentiality before the information can be treated as confidential.
 
 Id.; see also
 
 Fla. R. Jud. Admin. 2.420(d)(3) (requiring person filing document with court that contains information that may be confidential but is not listed in subdivision (d)(1) to file motion for determination of confidentiality of court records). The proponents of adding all mental health evaluations and reports filed in a criminal case to the subdivision (d)(1)(B) list acknowledge that the statutes
 
 [4]
 
 relied upon for their inclusion do not clearly express that those evaluations and reports are confidential in the context of public access to court records. Therefore, we defer to the Access Subcommittee on the issue and add only PSIs
 
 [5]
 
 and any psychological or psychiatric evaluations attached to PSIs
 
 [6]
 
 to subdivision (d)(1)(B). We also add the new category to the notice of confidential information within court filing form included in the rule.
 

 However, we decline to suspend application of rule 2.420(d) in criminal cases until the Legislature can address the issue of confidentiality of mental health evaluations and reports, as suggested by the Task Force. We also decline to authorize clerks of court to continue to seal mental health evaluations filed in criminal cases, pending a judicial determination, on the authority of administrative orders issued in the various circuits, as also urged here. Rule 2.420 provides the procedures for sealing court records. And, as the Access Subcommittee points out, permitting local introduction of blanket exemptions to the rule would undermine the uniform procedures adopted by the Court and could result in litigation.
 

 Accordingly, we amend the Florida Rules of Judicial Administration as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective immediately upon the release of this opinion.
 

 It is so ordered.
 

 CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and PERRY, JJ., concur.
 

 APPENDIX
 

 RULE 2.420. PUBLIC ACCESS TO JUDICIAL BRANCH RECORDS
 

 (a)-(c) [No change]
 

 (d) Procedures for Determining Confidentiality of Court Records.
 

 (1) The clerk of the court shall designate and maintain the confidentiality of any information contained within a court record that is described in subdivision (d)(1)(A) or (d)(1)(B) of this rule. The following information shall be maintained as confidential:
 

 (A) information described by any of subdivisions (c)(1) through (c)(6) of this rule; and
 

 
 *231
 
 (B) except as provided by court order, information subject to subdivision (c)(7) or (c)(8) of this rule that is currently confidential or exempt from section 119.07, Florida Statutes, and article I, section 24(a) of the Florida Constitution under any of the following statutes or court rules as they may be amended or renumbered:
 

 (i)-(xix) [No change]
 

 (xx) Presentence investigation reports and attached psychological or psychiatric evaluations. Fla. R.Crim. P. 3.712; §§ 921.231(1)0), 948.015(9), Fla. Stat.
 

 (2)-(4) [No change]
 

 (e)-(i) [No change]
 

 Committee Notes
 

 [No change]
 

 2002 Court Commentary
 

 [No change]
 

 2005 Court Commentary
 

 [No change]
 

 2007 Court Commentary
 

 [No change]
 

 2007 Court Commentary
 

 [No change]
 

 IN THE _ COURT, _ JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
 

 CASE NO.: _
 

 Plaintiff/Petitioner, v. Defendant/Respondent. /
 

 NOTICE OF CONFIDENTIAL INFORMATION WITHIN COURT FILING
 

 Pursuant to Florida Rule of Judicial Administration 2.420(d)(2), the filer of a court record at the time of filing shall indicate whether any confidential information is included within the document being filed; identify the confidentiality provision that applies to the identified information; and identify the precise location of the confidential information within the document being filed.
 

 Title/Type of Documents):_
 

 Indicate the applicable confidentiality provision(s) below from Rule 2.420(d)(1)(B), by specifying the location within the document on the space provided:
 

 _ Chapter 39 records relating to dependency matters, termination of parental rights, guardians ad litem, child abuse, neglect, and abandonment. § 39.0132(3), Fla. Stat. (If the document is filed within a Chapter 39 case, this form is not required.)
 

 _ Adoption records. § 63.162, Fla. Stat. (If the document is filed within a Chapter 63 adoption case, this form is not required.)
 

 _ Social Security, bank account, charge, debit, and credit card numbers in court records. § 119.0714(l)(i)-(j), (2)(a)-(e), Fla. Stat. (Unless redaction is requested pursuant to § 119.0714(2), this information is exempt only as of January 1, 2011.)
 

 _ HIV test results and patient identity within the HIV test results. § 381.004(3)(e), Fla. Stat.
 

 _ Sexually transmitted diseases— test results and identity within the test results when provided by the Department of Health or the department’s au
 
 *232
 
 thorized representative. § 384.29, Fla. Stat.
 

 _ Birth and death certificates, including court-issued delayed birth certificates and fetal death certificates. §§ 382.008(6), 382.025(l)(a), Fla. Stat.
 

 _ Identifying information in petition by minor for waiver of parental notice when seeking to terminate pregnancy. § 390.01116, Fla. Stat. (If the document is filed within a Ch. 390 waiver of parental notice case, this form is not required.)
 

 _ Identifying information in clinical mental health records under the Baker Act. § 394.4615(7), Fla. Stat.
 

 _ Records of substance abuse service providers which pertain to the identity, diagnosis, and prognosis of and service provision to individuals who have received services from substance abuse service providers. § 397.501(7), Fla. Stat.
 

 _ Identifying information in clinical records of detained criminal defendants found incompetent to proceed or acquitted by reason of insanity. § 916.107(8), Fla. Stat.
 

 _ Estate inventories and account-ings. § 733.604(1), Fla. Stat.
 

 _ Victim’s address in domestic violence action on petitioner’s request. § 741.30(3)(b), Fla. Stat.
 

 _ Information identifying victims of sexual offenses, including child sexual abuse. §§ 119.071(2)(h), 119.0714(l)(h), Fla. Stat.
 

 _ Gestational surrogacy records. § 742.16(9), Fla. Stat.
 

 _ Guardianship reports and orders appointing court monitors in guardianship cases. §§ 744.1076, 744.3701, Fla. Stat.
 

 _ Grand jury records. Ch. 905, Fla. Stat. (If the document is filed in a Ch. 905 grand jury proceeding, this form is not required.)
 

 _ Information acquired by courts and law enforcement regarding family services for children. § 984.06(3)-(4), Fla. Stat. (If the document is filed in a Ch. 984 family services for children case, this form is not required.)
 

 _ Juvenile delinquency records. §§ 985.04(1), 985.045(2), Fla. Stat. (If the document is filed in a Ch. 985 juvenile delinquency case, this form is not required.)
 

 _ Information disclosing the identity of persons subject to tuberculosis proceedings and records of the Department of Health in suspected tuberculosis cases. §§ 392.545, 392.65, Fla. Stat.
 

 Presentence investigation reports and attached psychological or psychiatric evaluations. Fla. R.Crim. P. 3.712; §§ 921.231(l)(i), 948.015(9), Fla. Stat.
 

 CERTIFICATE OF SERVICE
 

 I HEREBY CERTIFY that a copy of the foregoing was furnished by U.S. mail/personal service to: _ on_, 20_
 

 Attorney Name.
 

 Address.
 

 Phone .
 

 Florida Bar No.
 

 Note: The clerk of court shall review filings identified as containing confidential information to determine whether the information is facially subject to confidentiality under the identified provision. The clerk shall notify the filer in writing within
 
 *233
 
 5 days if the clerk determines that the information is NOT subject to confidentiality, and the records shall not be held as confidential for more than 10 days, unless a motion is filed pursuant to subdivision (d)(3) of the Rule. Fla. R. Jud. Admin. 2.420(d)(2).
 

 [1]
 

 .
 
 See
 
 art. V, § 2(a), Fla. Const.
 

 [2]
 

 .
 
 See In re Implementation of Comm. on Privacy & Court Records Recommendations,
 
 No. SC08-2443 (Fla. order filed Nov. 19, 2010) (stating that suggested amendments to rule 2.420(d)(1)(B) will be considered in case no. SC 10-2242).
 

 [3]
 

 . Article I, section 24, Florida Constitution, "Access to public records and meetings,” which was adopted in November 1992 and became effective July 1, 1993, provides in pertinent part:
 

 (a) Every person has the right to inspect or copy any public record made or received in connection with the official business of any public body, officer, or employee of the state, or persons acting on their behalf, except with respect to records exempted pursuant to this section or specifically made confidential by this Constitution. This section specifically includes the legislative, executive, and judicial branches of government and each agency or department created thereunder; counties, municipalities, and districts; and each constitutional officer, board, and commission, or entity created pursuant to law or this Constitution.
 

 [[Image here]]
 

 (c) This section shall be self-executing.
 
 The legislature, however, may provide by general law passed by a two-thirds vote of each house for the exemption of records from the requirements of subsection (a)
 
 ...
 
 provided that such law shall state with specificity the public necessity justifying the exemption and shall be no broader than necessary to accomplish the stated purpose of the law. ...
 

 (d) All laws that are in effect on July 1, 1993 that limit public access to records or meetings shall remain in force, and such laws apply to records of the legislative and judicial branches, until they are repealed.
 
 Rules of court that are in effect on the date of adoption of this section that limit access to records shall remain in effect until they are repealed.
 

 Art. I, § 24, Fla. Const, (emphasis added).
 

 [4]
 

 .
 
 See
 
 §§ 456.057, 456.059, or 90.503, Fla. Stat. (2010).
 

 [5]
 

 . Rule of Criminal Procedure 3.712, which provides that "the presentence investigation shall not be a public record,” was adopted before the 1992 adoption of the article I, section 24(d) grandfathering provision for rules of court limiting access to records.
 
 See In re Fla. Rules of Crim. Pro.,
 
 272 So.2d 65, 122 (Fla.1972).
 

 [6]
 

 .See
 
 §§ 921.231(1)6) (requiring that, as appropriate, PSIs contain the psychological or psychiatric evaluation of offender who will be sentenced to prison); 948.015(9) (requiring that, as appropriate, PSIs contain the psychological or psychiatric evaluation of offender who will receive a nonstate prison sanction), Fla. Stat. (2010).