PER CURIAM.
We have for consideration an out-of-cyele report filed by the Rules of Judicial Administration Committee (RJA Committee) proposing a number of amendments to Florida Rule of Judicial Administration 2.420 (Public Access to Judicial Branch Records) that are intended to clarify the rule and refine the procedures for determining the confidentiality of court records. See Fla. R. Jud. Admin. 2.140(e). We adopt the majority of the amendments as proposed, make minor modifications to several proposals, and decline to adopt only one proposed new subdivision.[1]
BACKGROUND
Amendments Made in Case Nos. SC07-2050 and SC10-2242
In In re Amends, to Fla. Rule of Jud. Admin. 2420 & Fla. Rules of App. Pro., 31 So.3d 756 (Fla.2010), the Court added new subdivision (d) (Procedures for Determining Confidentiality of Court Records) to rule 2.420, which governs public access to judicial branch records. Subdivision (d) provides a procedure that allows the clerks of court to readily identify and screen from the public confidential information filed with the court. Adopting a procedure that ensures the confidentiality of a narrow set of readily identifiable court records was a necessary prerequisite to this Court’s ongoing effort to provide the public with electronic access to court records. Id. at 757. The new subdivision also provides a procedure to ensure that confidential information that is not automatically screened from public view by the clerk will be the subject of a determination of confidentiality by the court. Id. at 763. The procedures for sealing and unsealing court records also were refined. Id. at 757. The goal of these comprehensive amendments to rule 2.420 was to balance the public’s constitutional right to access to court records with the courts’ responsibility to protect from public access court records that are confidential. Id. at 758.
As relevant here, subdivision (d)(1) of rule 2.420 sets forth the procedure for the clerks of court to automatically designate and maintain certain court records as confidential. The records listed in subdivisions (c)(7) and (c)(8) that must be automatically designated confidential by the clerk are limited to a “finite set” of statutory and rule exemptions listed in subdivision (d)(1)(B). Id. at 765. As originally adopted, subdivision (d)(1)(B) contained nineteen categories of automatically confidential information. Id. at 765. Subdivision (d)(2) currently requires a filer of confidential information to provide the clerk of court with a written notice that identifies the applicable category of automatically confidential information and the specific location of the confidential information within the document being filed. Subdivision (d)(3) requires a filer to seek a judicial determination of confidentiality as to court records the filer believes are confidential under the rule but are not designated as automatically confidential under subdivision (d)(1)(B).
In In re Amends, to Fla. Rule of Jud. Admin. 2420, 68 So.3d 228 (Fla.2011), the Court amended subdivision (d)(1)(B) of rule 2.420 and its companion notice form to add presentence investigation reports and *821 attached psychological and psychiatric evaluations as the twentieth category of automatically confidential information. Id. In that opinion, the Court emphasized that “[a] party seeking to maintain as confidential psychological or mental health evaluations not included in rule 2.420(d)(1)(B) must utilize the procedures set forth in rule 2.420(d)(3).” Id. The Court also specifically declined a request to add all mental health evaluations and reports filed in criminal cases to the list of automatically confidential information. Id. at 230.
This Case
In this case, the RJA Committee reported various problems in implementation of the amendments to rule 2.420. The RJÁ Committee determined that some problems arose from the apparent failure on the part of filers and clerks of court to follow the rule as written. According to the Committee, most of the problems with compliance with the rule either have been resolved or should be resolved after filers and clerks become more accustomed to the operation of the rule and further education is made available. However, the RJA Committee determined that further amendments are warranted in’ order to clarify some of the provisions of the rule and to further refine the procedures for determining the confidentiality of court records. The committee vote on the majority of the proposed amendments was 20-4:.[2] The Board of Governors of The Florida Bar unanimously approved all the proposals.
After the proposals were filed, the Court published them for comment. Comments were filed by Brevard County Clerk of Court Mitch Needelman and the Florida Public Defender Association (FPDA). The RJA Committee filed a response to the comments. After the response was filed, the Florida Courts Technology Commission and its Subcommittee on Access to Court Records (collectively “Access Subcommittee”) filed an agreed to motion to intervene, file a comment, and appear at oral argument in this case. That motion was granted. The Access Subcommittee’s comment opposes FPDA’s request that the Court add all mental health evaluations and reports in criminal cases to the list of automatically confidential information under rule 2.420(d)(1)(B). The Court heard oral argument on the proposals and FPDA’s request;
After considering the filings in this case, as well as the matters discussed at oral argument, we adopt the majority of the amendments as proposed. We discuss below the more significant amendments as well as the modifications we make and the proposal we decline to adopt.
We thank the RJA Committee and the members of RJA Subcommittee B for providing proposals that will facilitate compliance with this important rule. We also thank the numerous non-committee members who assisted the subcommittee'with this effort, as well as those who filed comments. As pointed out by the RJA Committee, we also acknowledge that because of the unavoidable complexity of the procedures for determining confidentiality of court records, future amendments to rule 2.420 likely will become necessary. However, we encourage attorneys, clerks of court, and judges to take advantage of educational opportunities that are designed to help them understand their respective responsibilities under the rule.
*822 AMENDMENTS
New subdivision (b)(6) (Definitions; “Filer”) is added to rule 2.420, as proposed. The new subdivision defines the terra “filer,” as used in the rule, as “any person who files a document in court records,” and specifically excludes “the clerk of court or designee of the clerk, a judge, magistrate, hearing officer, or designee of a judge, magistrate, or hearing officer” from the definition. The term “filer” also is added to other subdivisions of the rule. New subdivision (d)(5), discussed below, now requires the court to put the clerk of court on “notice” of confidential information in a document filed by the court.
Several significant amendments are made to subdivision (d) (Procedures for Determining Confidentiality of Court Records). First, subdivision (d)(1)(B) is amended to clarify that the language of the controlling statute or rule, not the language used within the twenty listed categories of automatically confidential information, must be looked to when determining what information must be maintained confidential by the clerk of court. Subdivisions (d)(l)(B)(i)-(xx) are amended to make the language used to describe the twenty categories of automatically confidential information consistent with the referenced statutes or rule. For example, the amendment to subdivision (d)(l)(B)(xx), which currently lists “[pjresentence investigation reports and attached psychological or psychiatric evaluations,” deletes the statutory references. The RJA Committee recommended deleting the statutory references because it determined the cited statutes do not specifically make the presentence investigation reports exempt. Only the reference to rule 3.712, which makes the pre-sentence investigation report confidential, is retained. The reference to “attached psychological or psychiatric evaluations” also is deleted because the Committee determined that that reference could be misinterpreted to mean that such evaluations would keep their exempt status for other purposes. The word “complete” is added before “presentence investigation reports” to indicate that all attachments to the pre-sentence investigation report, including psychological or psychiatric evaluations, are also confidential.[3]
The most significant change to subdivision (d)(2) is the deletion of the requirement that the filer identify the specific subdivision (d)(1)(B) category of confidential information that applies to the information identified in the notice of confidential information. The RJA Committee proposed this amendment because it determined the existing notice form was too explicit and could result in the filer disclosing the very information the filer is attempting to keep confidential. For instance, by filing a notice that specifies that a document contains HIV, tuberculosis, or sexually transmitted disease information, one has potentially revealed the information sought to be kept confidential. Consistent with amendments to subdivision (d)(2), we also amend the notice form, appended to the rule, to make it more generic and concise.
However, the filer still must identify the precise location of the confidential information within the document being filed. After consulting with a number of clerks of court, the RJA Committee determined this requirement was sufficient because the *823 clerks of court are familiar with the subdivision (d)(1)(B) categories of confidential information. Subdivision (d)(2) also is amended to' provide that if an entire document is confidential, the filer need only indicate that the entire document is confidential, and that the notice need not be filed if the entire court file is confidential.
New subdivision (d)(2)(A) allows for “after-the-fact” notification of confidential information in a court filing. The notice can be used by the filer, a party,' or any affected non-party when confidential information or documents were not initially identified by the filer and are not being maintained as confidential by the clerk of court. The option to file the after-the-fact note also is added to the notice form.
Subdivision (d)(2)(B) addresses the clerk of court’s duty in connection with filings identified as containing confidential information. The more significant amendments to this subdivision include: (1) providing for the new after-the-fact notice; (2) removing the reference to specific subdivision (d)(1)(B) categories of confidential information; and (3) clarifying the time frames for action by the clerk of court.
As noted above, the amended Notice of Confidential Information within Court Filing form, appended to the rule, is a more concise form that does not require the filer to specifically identify which of the twenty subdivision (d)(1)(B) categories applies to the information being filed. The new form is to be used with the initial filing of confidential documents and. for after-the-fact notification of confidential information that is already in the court file. The certificate of service in the form is amended, as proposed, to accommodate service on affected non-parties and to include a reference to new subdivision (k) (Procedure for Service on Victims and Affected Non-parties and When Addresses Are Confidential), which is discussed below. We have revised the certificate of service form to provide for service consistent with new Rule of Judicial Administration 2.516 (Service of Pleadings and Documents).
Subdivision (d)(4), which addresses the giving of notice to affected non-parties, is amended to add references to subdivisions (g)(1) (motion to determine confidentiality of appellate court records in noncriminal case) and (g)(5) (non-party request to vacate order sealing appellate court records). A reference to new subdivision (k), which will govern service on non-parties, also is added and the last sentence concerning service on a non-party is deleted.
New subdivision (d)(5) requires a judge, magistrate, or hearing officer (“court”) who files an order or other document containing confidential information to identify the confidential information as confidential and include in the title of the document the word “confidential.” The court also must provide the clerk with a copy of the order or other document with the confidential information redacted.
Several of the amendments to subdivision (e) (Request to Determine Confidentiality of Trial Court Records in Noncriminal Cases) warrant discussion. First, subdivisions (e)(l)(B)-(C) are amended to advise the filer of a motion to determine confidentiality of court records that, when specifying the bases for determining the records are confidential and setting forth the specific legal authority and legal standard for that determination, the confidential information should not be revealed. Next, the last paragraph of subdivision (e)(1) is amended to clarify that the subdivision applies to “written” motions, as opposed to oral motions, which are now authorized under new subdivision (h) discussed below. Finally, a procedure for filing a response to a written motion is also added.
*824 Subdivision (f) (Request to Determine Confidentiality of Court Records in Criminal Cases) is amended to clarify that oral motions are permitted in criminal cases. The most significant amendment to this subdivision is the deletion of the requirement in subdivision (f)(1)(A) that all parties sign the motion to determine confidentiality in order to evidence agreement and avoid the' scheduling of a hearing on the motion.
We amend subdivision (g) (Request to Determine Confidentiality of Appellate Court Records in Noncriminal Cases) as proposed. The most significant amendment is to subdivision (g)(2). That amendment requires an appellate court to issue a written ruling on a motion to determine confidentiality of appellate records in a noncriminal case within 30 days of the filing of a response on a contested motion or within 30 days of the filing of an uncontested written motion.
Subdivision (h) (Oral Motions to Determine Confidentiality of Trial Court Records) is new. The RJA Committee determined that authorizing oral motions will keep information confidential when the movant is unable to file a written motion. To ensure that oral motions are not used to avoid the requirements for written motions to determine confidentiality of trial court records, the new subdivision includes a number of safeguards. Most notably, oral motions generally must comply with the requirements of subdivision (e)(1); all parties or affected non-parties must be present or properly noticed; the movant must show good cause for not filing a written motion; a written motion must be filed within 5 days; and the court may deny an oral motion if the court finds that written motion could have been filed or the movant failed to give adequate notice.
We decline to adopt proposed new subdivision (i) (Confidential Evidence). The RJA Committee proposed the new subdivision for “the purpose of handling confidential evidence in general.” The proposal is in response to the Court’s prior decision, in Case No. SC07-2050, not to apply subdivision (d)(2) to documents introduced into evidence during court proceedings. We rejected that suggestion because the proposal then before the Court did not give adequate guidance as to the procedures the presiding judge would follow. See In re Amends, to Fla. Rule of Jud. Admin. 2420 & Fla. Rules of App. Pro., 31 So.3d at 765 n. 22.
Here, proposed subdivision (i)(3) would require the court to “determine whether evidence or the confidential portions of any transcript of the proceedings shall be sealed.” However, the proposal fails to specify what triggers the determination by the court. It is also unclear to us why proposed subdivision (i) focuses on the closure of proceedings, especially in relation to the hearing of testimony or the asking of questions containing confidential information. Rule 2.420 governs public access to judicial branch records; the rule does not govern public access to court proceedings. Because of these concerns, we decline to adopt this proposal. However, we encourage the RJA committee to reevaluate the proposal, in light of our concerns, and to offer another proposal at a future time.
New subdivision (i) (Sanctions), which was proposed as subdivision (j), consolidates the existing separate sanctions provisions, which are deleted. The RJA Committee determined that creating a separate sanctions subdivision cures inconsistencies in the existing sanctions provisions and makes the title and location of the new sanction provision more prominent and easier to find. The new subdivision is patterned after deleted subdivision (e)(6), and is expanded upon as appropriate. The *825 new subdivision also recognizes that it does not limit the authority of the court to enforce any order entered pursuant to the rule.
We adopt new subdivision (j) (Procedure for Obtaining Access to Confidential Court Records), which was proposed as subdivision (k). New subdivision (j) provides a procedure for individuals who have a legal basis for obtaining access to confidential information in court records to gain access to that information by court order that does not alter the confidential status of those records. The filer of confidential information, the filer’s attorney, and the filer’s authorized agent also may obtain access to the information under this subdivision.
As proposed, subdivision (j)(l) also would have required the clerk of court to allow judges access to confidential court records. We removed this requirement as unnecessary. Rule 2.420 governs public access to judicial branch records.[4] The rule was never intended to govern or limit access to court records by judges, magistrates, hearing officers, the clerks of court, or court and clerk staff who must have access to those records in order to perform their official court-related duties.
Rule 2.420, originally numbered 2.051, was adopted to conform to article I, section 24 of the Florida Constitution (Access to Public Records and Meetings). See In re Amends. Fla. Rules of Jud. Admin.—Public Access to Judicial Records, 608 So.2d 472 (Fla.1992). The rule recognizes that records that are confidential under the rule are exempt from the public’s constitutional right of access. See Fla. R. Jud. Admin. 2.420(b)(4). As relevant here, judicial branch records include “court records” and are all records “made or received in connection with the transaction of official business by any judicial branch entity,”- including judges. See Fla. R. Jud. Admin. 2.420(b)(1), (b)(2). Rule 2.420 was never intended to limit a judge’s access to court records that are made or received in connection with the transaction of that judge’s official'business of deciding court cases, simply because those records are confidential under the rule and therefore closed to the public. Therefore, we see no reason for the rule to now specifically provide that the clerk of court must allow judges access to confidential court records. The same holds true for court or clerk’s office staff who must have access to confidential records in order to assist the court or the clerk with the official • business of processing court cases.
New subdivision (k) (Procedure for Service on Victims and Affected Non-parties and When Addresses Are Confidential), which was proposed as subdivision (l), consolidates and replaces the various separate provisions for service throughout the rule, which are deleted. Subdivision (k)(l) requires that service on victims of a crime be made by serving the state attorney. Subdivision (k)(2) provides for service on an affected non-party whose name or address is not confidential. Subdivision (k)(3) provides for service by the court when the name or address of the party or affected non-party being served is confidential. We added references to new Rule of Judicial Administration 2.516, which now governs service in general, where appropriate.
Existing subdivision (h) (Denial of Access Request for Administrative Record) is moved to new subdivision (I).
We move existing subdivision (i) (Procedure) to new subdivision (m) and retitle the subdivision “Procedure for Public Access to Judicial Branch Records.” Howev *826 er, we decline to amend the subdivision, as proposed, to limit it solely to requests for administrative records. As noted above, rule 2.420 governs public access to judicial branch records, which include both administrative records and court records. See Fla. R. Jud. Admin. 2.420(b)(1). Existing subdivision (i), as will new subdivision (m), provides the procedures for “requests and responses to requests for access to records under [rule 2.420].” At the same time the subdivision (i) procedures were added to rule 2.420, the definitions of “records of the judicial branch,” “court records,” and “administrative records” were added to the rule. See In re Report of the Supreme Court Workgroup on Public Records, 825 So.2d 889, 896 (Fla.2002). If the intent were for those procedures to apply only to administrative judicial branch records that limitation would have been made clear at the time subdivision (i) was adopted. In fact, if we were to now limit this subdivision to requests for access to administrative records, there would be no formal procedure governing records requests for access to court records that are not confidential.
Accordingly, we amend Florida Rule of Judicial Administration 2.420 as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective May 1, 2013, at 12:01 a.m.
It is so ordered.
POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.
APPENDIX
RULE 2.420. PUBLIC ACCESS TO JUDICIAL BRANCH RECORDS
(a) [No Change]
(b) Definitions.
(l)-(5) [No Change]
(6) “Filer” means any person who files a document in court records, except “filer” does not include the clerk of court or designee of the clerk, a judge, magistrate, hearing officer, or designee of a judge, magistrate, or hearing officer.
(c) [No Change]
(d) Procedures for Determining Confidentiality of Court Records.
(1) The clerk of the court shall designate and maintain the confidentiality of any information contained within a court record that is described in subdivision (d)(1)(A) or (d)(1)(B) of this rule. The following information shall be maintained as confidential:
(A) information described by any of subdivisions (c)(1) through (c)(6) of this rule; and
(B) except as provided by court order, information subject to subdivision (c)(7) or (c)(8) of this rule that is currently confidential or exempt from section 119.07, Florida Statutes, and article I, section 24(a) of the Florida Constitution uncieras specifically stated in any of the following statutes or court rules as they may be amended or renumbered:
(i) Chapter 39 records relating to dependency matters, termination of parental rights, guardians ad litem, child abuse, neglect, and abandonment. §§_39.0132(3), 39.0132(4)(a), Fla. Stat.
(ii) Adoption records. § 63.162, Fla. Stat.
(iii) Social Security, bank account, charge, debit, and credit card numbers in court records. § 119.0714(1)©-(j), (2)(a)-(e), Fla. Stat. (Unless redaction is requested pursuant to §_119.0714(2), Fla. Stat., this informa *827 tion is exempt only as of January 1, 20112.)
(iv) HIV test results and patientthe identity of any person upon whom an HIV test has been performedwithia those test -results. § 381.004(3)(e), Fla. Stat.
(v) (Sexually.transmitted-diseases-■test resalts — and identity-within the test results-when provided byRecords, including test results, held by the Department of Health or the — depart■ment’sits authorized representatives relating to sexually transmissible diseases. § 384.29, Fla. Stat.
(vi) Birth (and — death certificates, including-■ court-issued delayed birth certificatesrecords and portions of death and fetal death (eer-tifieatesre-cords. §§ 382.008(6), 382.025(l)(a), Fla. Stat.
(vii) Identifying Information in — a petition ⅛-ythat can be used to identify a minor petitioning for a waiver of parental notice when seeking to terminate pregnancy. § 390.01116, Fla. Stat.
(viii) Identifying — information—in eClinical mental health records under the Baker Act. § 394.4615(7), Fla. Stat.
(ix) Records of substance abuse service providers which pertain to the identity, diagnosis, and prognosis of and service provision to individual-swho have received-services from substance — abuse—sendee—providers. § 397.501(7), Fla. Stat.
(x) Identifying-information-in eClinical records of detained criminal defendants found incompetent to proceed or acquitted by reason of insanity. § 916.107(8), Fla. Stat.
(xi) Estate inventories and account-ings: § 733.604(1), Fla. Stat.
(xii) The victim’s address in a domestic violence action on petitioner’s request. § 741.30(3)(b), Fla. Stat.
(xiii) Protected iinformation identif-yingregarding victims of child abuse or sexual offenses-including child sexual-abuse. §§ 119.071(2)(h), 119.0714(l)(h), Fla. Stat.
(xiv) Gestational surrogacy records. § 742.16(9), Fla. Stat.
(xv) Guardianship reports, and orders appointing court monitors, and orders relating to findings of no probable cause in guardianship cases. §§ 744.1076, 744.3701, Fla. Stat.
(xvi) Grand jury records. On 9Q5§§ 905.17, 905.28(1), Fla. Stat.
(xvii) InformationRecords acquired by courts and law enforcement regarding family services for children. § 984.06(3)-(4), Fla. Stat.
(xviii) Juvenile delinquency records. §§ 985.04(1), 985.045(2), Fla. Stat.
(xix) InformationRecords disclosing the identity of persons subject to tuberculosis proceedings and records e£held by the Department of Health or its authorized representatives relating to known or suspected cases of tuberculosis or exposure toin suspected tuberculosis cases. §§ 392.545, 392.65, Fla. Stat.
(xx) Complete Rpresentence investigation reportsand attached -psychological — or—psychiatric evaluations. Fla. R.Crim. F. 3.712.-) -§-§-921.231(l)(i),-948.015(9), Fla, - Stat.
(2) Any person-filingThe filer of any document containing confidential information described, in subdivision (d)(1)(B) shall, at the time of filing, file with the clerk a. “Notice of Confidential Information within Court Filing” in order to:
*828 (A) indicate that confidential information described in subdivision (d)(1)(B) of this rule is included within the document being filed; (B) identify-the provision of subdivision (d)(1)(B) of this.rule that applies--to the identified — information; and also indicate that either the entire document is confidential or (€⅜ identify the precise location of the confidential information within the document being filed. If an entire court file is maintained as confidential, the filer of a document in such a file is not required to file the notice form. A form. Notice of Confidential Information within Court Filing accompanies this rule.
(A) If any document in a court file contains confidential 1 information as described in subdivision (d)(1)(B), the filer, a party, or any affected non-party may file the Notice of Confidential Information within Court Filing if the document was not initially filed with a Notice of Confidential Information within Court Filing and the confidential information is not maintained as confidential by the clerk. The Notice of Confidential Information within Court Filing filed pursuant to this subdivision must also state the title and type of document, date of filing (if known), date of document, docket entry number, indicate that either the entire document is confidential or identify the precise location of the confidential information within the document, and provide any other information the clerk may require to locate the confidential information.
(B) The clerk of court shall review filings identified by-filers-as containing confidential information to determine whether the purported confidential information is facially subject to confidentiality under the — identified provision, in-subdivision (d)(1)(B). If the clerk determines that filed information is not subject to confidentiality under the identified provisionsubdivision (d)(1)(B), the clerk shall notify the per-son who filed the documentfiler of the Notice of Confidential Information within Court Filing in writing within 5 days of the filing the notice and thereafter shall maintain the information as confidential for 10 days from thé daydate such noticonotification by the clerk is served. The information shall not be held as confidential for more than that 10 days period, unless the filer-has filed-a motion has been filed pursuant to subdivision (d)(3).
(3) Amy person filingThe filer of a document with the court shall ascertain whether any information contained within the document may be confidential under subdivision (c) of this rule notwithstanding that such information is not itemized at subdivision (d)(1) of this rule. A person-filing-information that he or shelf the filer believes in good faith to bethat information is confidential but that-is not described in subdivision (d)(1) of this rule, the filer shall request that the information be maintained as confidential by filing a “Motion to Determine Confidentiality of Court Records” under the procedures set forth in subdivision (e), (f), or (g), unless
(A) the person filing the-informati-onfiler is the only individual whose confidential information is included in the document to be filed or is the attorney representing all such individuals; and
(B) a knowing waiver of the confidential status of that information is intended by the person filing the- in-formationfiler. Any interested person may request that information within a *829 court file be maintained as confidential by filing a motion as provided in subdivision (e), (f), or (g).
(4) If a notice of confidential information is filed pursuant to subdivision (d)(2), or a motion is filed pursuant to subdivision (e)(1) or (g)(1) seeking to determine that information contained in court records is confidential, or pursuant to subdivision (e)(5) or (g)(5) seeking to vacate an order that has determined that information in a court record is confidential or seeking to unseal information designated as confidential by the clerk of court, then the person filing the notice or motion shall give notice of such filing to any affected non-party. Notice pursuant to this provision must:
(A) be filed with the court;
(B) identify the case by docket number;
(C) describe the confidential information with as much specificity as possible without revealing the confidential information, including specifying the precise location of the information within the court record; and
(D) include:
(i) in the case of a requestmotion to deena-materials confidentialdetermine confidentiality of court records, a statement that if the motion is denied then the subject material will not be treated as confidential by the clerk; and
(ii) in the case of a motion to unseal confidential records or a motion to vacate an order deeming records confidential, a statement that if the motion is granted, the subject material will no longer be treated as confidential by the clerk.
Any notice described herein must be served pursuant to subdivision (k), if applicable, together with the motion that gave rise to the notice in accordance with subdivision (e)(5) or (g)(5). — When-serving the notice and-motion described in this subdivision on a-non-part-yy-the server' shall use reasonable efforts -to locate the non-party and.may -serve' such non-party — by ■ any method set-forth in-Florida-Rule of Civil Procedure 1.080(b),
(5) Except when the entire court file is maintained as confidential, if a judge, magistrate, or hearing officer files any document containing confidential information, the confidential information within the document must be identified as “confidential” and the title of the document must include the word “confidential.” The clerk must maintain the confidentiality of the identified confidential information. A copy of the document edited to omit the confidential information shall be provided to the clerk for filing and recording purposes.
(e) Request to Determine Confidentiality of Trial Court Records in Noncriminal Cases.
(1) A request to determine the confidentiality of trial court records in noncriminal cases under subdivision (c) must be made in the form of a written motion captioned “Motion to Determine Confidentiality of Court Records.” A motion made under this subdivision must:
(A) identify the particular court records or a portion of a record that the movant seeks to have determined as confidential with as much specificity as possible without revealing the information subject to the confidentiality determination;
(B) specify the bases for determining that such court records are confidential without revealing confidential information; and
*830 (C)set forth the specific legal authority and any applicable legal standards for determining such court records to be confidential without revealing confidential information.
Any written motion made under this subdivision must include a signed certification by the party or the attorney for the party making the request that the motion is made in good faith and is supported by a sound factual and legal basis. Information that is subject to such a motion must- be treated as confidential by the clerk pending the court’s ruling on the motion. A response to a written motion filed under this subdivision may be served within 10 days of service, of the motion. Notwithstanding any of the foregoing, the court may not determine that the case’ number, docket number, or other number used by the clerk’s office to identify the case file is confidential.
(2) Except when a motion filed under subdivision (e)(1) represents that all parties agree to all of the relief requested, the court must, as soon as practicable but no later than 30 days after the filing of a motion under this subdivision, hold a hearing before ruling on the motion. Whether or not any motion filed under subdivision (e)(1) is agreed to by the parties, the court may in its discretion hold a hearing on such motion. Any hearing held under this subdivision must be an open proceeding, except that any person may request that the court conduct all or part of the hearing in camera to protect the interests set forth in subdivision (c). Any person may request expedited consideration of and ruling on the motion. The moving partymovant shall be responsible for ensuring that a complete record of any hearing held pursuant to this subdivision befe created, either by use of a court reporter or by any recording device that is provided as a matter of right by the court. The court may in its discretion require prior public notice of the hearing on such a motion in accordance with the procedure for providing public notice of court orders set forth in subdivision (e)(4) or by providing such other public notice as the court deems appropriate. The court must issue a ruling on the motion within 30 days of the hearing.
(3) Any order granting in whole or in part a motion filed under subdivision (e) must state the following with as much specificity as possible without revealing the confidential information- subject — to ■the confidentiality determination:-
(A) The type of case in which the order is being entered;
(B) The particular grounds under subdivision (c) for determining the information to-beis confidential;
(C) Whether any party’s name is determined to be confidential and, if so, the particular pseudonym or other term to be substituted for the party’s name;
(D) Whether the progress docket or similar records generated to document activity in the case are determined to be confidential;
(E) The particular information that is determined to be confidential;
(F) Identification of persons who are permitted to view the confidential information;
(G) That the court finds that: (i) the degree, duration, and manner of confidentiality ordered by the court are no broader than necessary to protect the interests set forth in subdivision (e); and (ii) no less restrictive measures are available to protect the interests set forth in subdivision (c); and
*831 (H) That the clerk of the court is directed to publish the order in accordance with subdivision (e)(4).
(4) Except as provided by law ■ or court rule, notice must be given of any written order granting in whole or in part a motion made under subdivision (e)(1) as follows?:
(A) Wwithin 10 days following the entry of the order, the clerk of court must post a copy of the order on the clerk’s website and in a prominent public location in the courthouse; and
(B)4Ethe order must remain posted in both locations for no less than 30 days. This subdivision shall not apply to orders determining that court records are confidential under subdivision (c)(7) or (c)(8).
(5) If a nonparty requests that the court vacate all or part of an order issued under subdivision (e) or requests that the court order the unsealing of records designated as confidential under subdivision (d), the request must be made by a written motion, filed in that court, that states with as much specificity as possible the bases for the request-motion. — The motion-must set-forth the specific legal authority and any applicable legal standards supporting the re-questmotion. The movant must serve all parties and all affected non-parties with a copy of the motion. I-f-the' subject-order determines that the-names or addresses of-one or more parties are confidential, — the—movant—must—state prominently in the-caption of-the motion “Confidential Party — Court Service Requested.”' When a motion so^ designated is filed, the court shall-be responsible for providing a copy of the metion-to all parties and all affected non-parties in such a way as not to-reveal the-confiden■tial information-to-the movant. Except when a motion filed under this subdivision represents that all parties and affected non-parties agree to all of the relief requested, the court must, as soon as practicable but no later than 30 days after the filing of a motion under this subdivision, hold a hearing on the motion. Regardless of whether any motion filed under this subdivision is agreed to by the parties and affected non-parties, the court may in its discretion hold a hearing on such motion. Any. person may request expedited consideration of and ruling on the motion. Any hearing held under this subdivision must be an open proceeding, except that any person may request that the court conduct all or part of the hearing in camera to protect the interests set forth in subdivision (c). The court must issue a ruling on the motion within 30 days of the hearing. The movant shall be responsible for ensuring that a complete record of any hearing held under this subdivision be created, either by use of a court reporter or by any recording device that is provided as a matter of right by the court. This subdivision shall not apply to orders determining that court records are confidential under subdivision (c)(7) or (c)(8).
(6)After notice and an opportunity to respond, the court may impose'sanctions against any party-or non-party and/or their attorney, if:
(A)-the — c-our-i—determines—that a designation -made under subdivision (d) or a motion made under subdivision (d)(3) or-(e) was not made in good faith and was^ not supported — by—a sound legal or-factual basis, or
(B) a document is filed in violation ef-subdivision-(d-)(2) or (d)(3)-
(f) Request to Determine Confidentiality of Court Records in Criminal Cases.
*832 (1) Subdivisions (e) and (h) shall apply to any motion by the state, or a defendant, or an affected non-party to determine the confidentiality of trial court récords in criminal cases under subdivision (c), except as provided in subdivision (f)(3). As to any motion filed in the trial court under subdivision (f)(3), the following procedure shall apply:
(A) Unless the motion represents that both the movant and-any-other partythe State, defendant(s), and all affected non-parties subject to the motion agree to all of the relief requested, as evidenced by all such parties signing the motion, the court shall-must hold a hearing on-atho motion filed under this subdivision within 15 days of the filing, of the motion. Any hearing held under this subdivision must be an open proceeding, except that any person may request that the court conduct all or part of the hearing in camera to protect the interests set forth in subdivision (c)(9)(A).
(B) The court shall issue a written ruling on a motion filed under this subdivision within 10 days of the hearing on a contested motion or within 10 days of the filing of an agreed motion.
(2) [No Change]
(3) Any motion to determine whether a court record that pertains to a plea agreement, substantial assistance agreement, or other court record that reveals the identity of a confidential informant or active criminal investigative information is confidential under subdivision (c)(9)(A)(i), (c)(9)(A)(iii), (c)(9)(A)(v), or (c)(9)(A)(vii) of this rule may be made in the form of a written motion captioned “Motion to Determine Confidentiality of Court Records.” Any motion made pursuant to this subdivision must be treated as confidential and indicated on the docket by generic title only, pending a ruling on the motion or further order of the court. As to any motion made under this subdivision, the following procedure shall apply:
(A) Information that is the subject of such motion must be treated as confidential by the clerk pending the court’s ruling on the motion. Filings containing the information must be indicated on the docket in a manner that does not reveal the confidential nature of the information.
(B) The provisions of subdivisions (e)(3)(A) — (G), (e)(6),'-«ad (g)(7), (h), and (j), shall apply to motions made under this subdivision. The provisions of subdivisions (e)(1), (e)(2), (e)(3)(H), (e)(4), and (e)(5) shall not apply to motions made under this subdivision.
(C) No order entered under this subdivision may authorize or approve the sealing of court records for any period longer than is necessary to achieve the objective of the motion, and in no event longer than 120 days. Extensions of an order issued hereunder may be granted for 60-day periods, but each such extension may be ordered only upon the filing of another motion in accordance with the procedures set forth under this subdivision. In the event of an appeal or review of á matter in which an order is entered under this subdivision, the lower tribunal shall retain jurisdiction to consider motions to extend orders issued hereunder during the course of the appeal or review proceeding.
(D) The clerk of the court shall not publish any order of the court issued hereunder in accordance with subdivision (e)(4) or (g)(4) unless directed by the court. The docket shall indicate only the entry of the order.
*833 (4)[No Change]
(g) Request to Determine Confidentiality of Appellate Court Records in Noncriminal Cases.
(1) ASubdivision (e)(1) -shall apply to any motion filed in the appellate court to determine the confidentiality of appellate court records in noncriminal cases under subdivision (c) must be filed-in-the appellate court and-must-be-in compliance-with -the guidelines set forth in subdivision-(e)(1). Such a motion may be made with respect to a record that was presented or presentable to a lower tribunal, but no determination concerning confidentiality was made by the lower tribunal, or a record presented to an appellate court in an original proceeding.
(2) A response to a motion filed under subdivision (g)(1) máy be served within 10 days of service of the motion. The court shall issue a written ruling on a written motion filed under this subdivision within 30 days of the filing of a response on a contested motion or within 30 days of the filing of an uncontested written motion.
(3) [No Change]
(4) Except as provided by law, within 10 days following the entry of an order granting a motion under subdivision (g)(1), the clerk of the appellate court must post a copy of the order on the clerk’s website and must provide a copy of the order to the clerk of the lower tribunal, with directions that the clerk is toof the lower tribunal shall seal the records identified in the order. The order must remain posted by the clerk of the appellate court for no less than 30 days.
(5) If a nonparty requests that the court vacate all or part of an order issued under subdivision (g)(3), or requests that the court order the unsealing of records designated as confidential under subdivision (d), the request must be made by a written motion, filed in that court, that states with as much specificity as possible the bases for the request. The motion must set forth the specific legal authority and any applicable legal standards supporting the re-questmotion. The movant must serve all parties and all affected non-parties with a copy of the motion. -If- the subject-order determines that the names or addresses of one or more parties are confidential) — the—movant—must—state prominently-in the caption of the motion “Confidential.Party-Court Service Requested.” When a motion so designated is filed, the-court shall be responsible fes providing a copy of the motion to all parties — and.all affected non-parties in such a way-as-not to reveal the confidential- information.to- the movant. A response to a motion may be served within 10 days of service of the motion.
(6)-(7) [No Change]
(8) If the court determines-that a designation made under-subdivision (d) or a motion made.under subdivision- (g)(1) was not made-in good faith and-was not supported by a sound-legal or factual basis; the-court may-impose-sanctions on the movant-after notice and-an opportu-
(@8) Records of a lower tribunal determined to be confidential by that tribunal must be treated as confidential dining any review proceedings. In any case where information has been determined to be confidential under this rule, the clerk of the lower tribunal shall so indicate in the index transmitted to the appellate court. If the information was determined to be confidential in an order, the clerk’s index must identify such order by date or docket number. This subdivision does not preclude review by *834 an appellate court, under Florida Rule of Appellate Procedure 9.100(d), or affect the standard of review by an appellate court, of an order by a lower tribunal determining that a court record to beis confidential.
(h) Denial of Access-Request for Administrative- Records. — Expedited review of denials of--access to administrative records of the judicial branch shall be provided through — an action for mandamus or other appropriate relief in — the- following manners
(1) Where a judge--who-has denied-a request for access to records-is the custodian, -the- action shall be filed in the court having appellate jurisdiction to review the decisions of-the-judge denying access. Upon order issued-by-the appellate court> -the judge-denying- access-to records--shall file ■ a-sealed copy of the requested^ records with the- appellate courtr
(2) All-other actions-under this- rule shall be-filed in the-circuit court of the circuit, in which such denial- of access occurs.
(h) Oral Motions to Determine Confidentiality of Trial 1 Court Records.
(1) Notwithstanding the written notice requirements of f subdivision (d)(2) and written motion requirements of subdivisions (d)(3), (e)(1), and (f), the mov-ant may make an oral motion to determine the confidentiality of trial court records under subdivision (c), provided:
(A) except for oral motions under subdivision (f)(3), the e oral motion otherwise complies with subdivision (e)(1);
(B) all parties and affected non-parties are present or properly noticed or the movant otherwise demonstrates reasonable efforts made to obtain the attendance of any absent party or affected non-party;
(C) the movant shows good cause why the movant was unable to timely comply with the written notice requirements as set forth in subdivision (d)(2) or the written motion requirement as set forth in subdivision (d)(3), (e)(1), or (f), as applicable;
(D) the oral motion is reduced to written form in compliance with subdivision (d), (e)(1), or (f), as applicable, and is filed within 5 days following the date of making the oral motion;
(E) except for oral motions under subdivision (f)(3), the provisions of subdivision (e)(2) shall apply to the oral motion, procedure and hearing;
(F) the provisions of subdivisions (f)(1)(A) and (B) and d (f)(3) shall apply to any oral motion under subdivision (f)(3); and
(G) oral motions are not applicable to subdivision (f)(2) or (g) or extensions of orders under subdivision (f)(3)(C).
(2) The court may deny any oral motion made pursuant to subdivision (h)(1) if the court finds that the movant had the ability to timely comply with the written notice requirements in subdivision (d) or the written motion requirements of subdivision (d)(3), (e)(1), or (f), as applicable, or the movant failed to provide adequate notice to the parties and affected non-parties of the confidentiality issues to be presented to the court.
(3) Until the court renders a decision regarding the confidentiality issues raised in any oral motion, all references to purported confidential information as set forth in the oral motion shall occur in a manner that does not allow public access to such information.
*835 (4)If the court grants in whole or in part any oral motion to determine confidentiality, the court shall issue a written order that does not reveal the confidential information and complies with the applicable subdivision of this rule as follows:
(A) For any oral motion under subdivision (e) or (f)(1), except subdivisions (f)(1)(A) and (B), the written order must be issued within 30 days of the hearing and must comply with subdivision (e)(3).
(B) For any oral motion under subdivision (f)(3), the written order must be issued within 10 days of the hearing on a contested motion or filing of an agreed motion and must comply with subdivision (f)(3).
(i)Procedure. Requests and responses to requests ■ for access to records under this rule shall be made-in a reasonable manner.
(1) Requests for access to records shall be in writing and- shall be directed to the custodian. The r-equest shall provide sufficient. specificity-4o-enable the custodian' to identify the requested records. — The reason for the-request is not required to be disclosed?
(2) The-custodian shall- be solely -responsible-for-providing -access to records of the custodian’s entity. — The custodian shall- determine-whether-the requested reeerd-ig' subject to this rule-and, if-s% whether the record or — portions of the record are exempt from-disclosure. — The custodian — shall determine the form.in which the record is provided. — If the request is denied, the-custodian shall state in writing the basis for the denial;
(3) Fees for copies of records in all entities in-the judicial branch of government, except for copies-of court records, shall -be -the same as^ those -provided in section 119.07⅜ Flor-ida Statutes -(2001-).-
(i) Sanctions. After notice and an opportunity to respond, and upon determining that a motion, filing, or other activity described below was not made in good faith and was not supported by a sound legal or factual basis, the court may impose sanctions against any party or non-party and/or their attorney, if that party or non-party and/or their attorney, in violation of the applicable provisions of this rule:
(1) seeks confidential status for non-confidential information by filing a notice under subdivision (d)(2);
(2) seeks confidential status for non-confidential information by making any oral or written motion under subdivision (d)(3), (e), (f), (g), or (h);
(3) seeks access to confidential information under subdivision (j) or otherwise;
(4) fails to file a Notice of Confidential Information within Court Filing in compliance with subdivision (d)(2);
(5) makes public or attempts to make public by motion or otherwise information that should be maintained as confidential under subdivision (c), (d), (e), (f), (g)or(h); or
(6) otherwise makes or attempts to make confidential information part of a non-confídential court record.
Nothing in this subdivision is intended to limit the authority of a court to enforce any court order entered pursuant to this rule.
(j) Procedure for Obtaining Access to Confidential Court Records.
(1) The clerk of the court must allow access to confidential court records to persons authorized by law, or any person authorized by court order.
*836 (2) A court order allowing access to confidential court records may be obtained by filing a written motion which must:
(A) identify the particular court record(s) or a portion of the court record(s) to which the movant seeks to obtain access with as much specificity as possible without revealing the confidential information;
(B) specify the bases for obtaining access to such court records;
(C) set forth the specific legal authority for obtaining g access to such court records; and
(D) contain a certification that the motion is made in good d faith and is supported by a sound factual and legal basis.
(3) The movant must serve a copy of the written motion to obtain access to confidential court records on all parties and reasonably ascertainable affected non-parties and the court must hold a hearing on the written motion within a reasonable period of time. '
(4) Any order granting access to confidential court records must:
(A) describe the confidential information with as much specificity as possible without revealing the confidential information, including specifying the precise location of the information within the court records;
(B) identity the persons who are permitted to view the confidential information in the court records;
(C) identify any person who is permitted to obtain copies of the confidential court records; and
(D) state the time limits imposed on such access, if any, and any other applicable terms or limitations to such access.
(5) The filer of confidential court records, that filer’s attorney of record, or that filer’s agent as authorized by that filer in writing may obtain access to such confidential records pursuant to this subdivision.
(6) Unless otherwise provided, an order granting access to confidential court records under this subdivision shall not alter the confidential status of the record.
(k) Procedure for Service on Victims and Affected Non-parties and When Addresses Are Confidential.
(1) In criminal cases, when the defendant is required to serve any notice or motion described in this rule on an alleged victim of a crime, service shall be on the state attorney, who shall send or forward the notice or motion to the alleged victim.
(2) Except as set forth in subdivision (k)(l), when serving any notice or motion described in this rule on any affected non-party whose name or address is not confidential, the filer or movant shall use reasonable efforts to locate the affected non-party and may serve such affected non-party by any method set forth in Florida Rule of Judicial Administration 2.516,
(3) Except as set forth in subdivision (k)(l), when serving any notice or motion described in this rule and the name or address of any party or affected non-party is confidential, the filer or movant must state prominently in the caption of the notice or motion “Confidential Party or Confidential Affected Non-Party— Court Service Requested.” When a notice or motion so designated is filed, the court shall be responsible for providing a copy of the notice or motion to the party or affected non-party, by any method permitted in Florida Rule of Judicial Administration 2.516, in such a *837 way as to not reveal the confidential information.
(,l) Denial of Access Request for Administrative Records. Expedited review of denials of access to administrative records of the .judicial branch shall be provided through an action for mandamus or other appropriate relief, in the following manner:
(1) When a judge who has denied a request for access to records is the custodian, the action shall be filed in the court having appellate .jurisdiction to review the decisions of the .judge denying access. Upon order issued by the appellate court, the judge denying access to records shall file a sealed copy of the requested records with the appellate court.
(2) All other actions under this rule shall be filed in the circuit court of the circuit in which such denial of access occurs.
(m) Procedure for Public Access to Judicial Branch Records. Requests and responses to requests for access to records under this rule shall be made in a reasonable manner.
(1) Requests for access to .judicial branch records shall be in writing and shall be directed to the custodian. The request shall provide sufficient specificity to enable the custodian to identify the requested records. The reason for the request is not required to be disclosed.
(2) The custodian shall be solely responsible for providing access to the records of the custodian’s entity. The custodian shall determine whether the requested record is subject to this rule and, if so, whether the record or portions of the record are exempt from disclosure. The custodian shall determine the form in which the record is provided. If the request is denied, the custodian shall state in writing the basis for the denial.
(3) Fees for copies of records in all entities in the .judicial branch of government, except for copies of court records, shall be the same as those provided in section 119.07, Florida Statutes.
Committee Note
[No Change]
2002 Court Commentary
[No Change]
2005 Court Commentary
[No Change]
2007 Court Commentary
[No Change]
2007 Committee Commentary
[No Change]
*838 IN THE..(NAME OF COURT!.COURT. JUDICIAL-GIRCUIT, IN AND FOR COUNTS FLORIDA
CASE NO.:____
Plaintiff/Petitioner,
v.
Defendant/Respondent. _/
NOTICE OF CONFIDENTIAL INFORMATION WITHIN COURT FILING
Pursuant to Florida Rule of Judicial Administration 2.420(d)(2), the filer-oUa-eeurt record-at the time-of filing shall indicate-whether any-confidential information is included >vithin-the document being-fded; identify the -confidentiality - provision - that applies-to-the identified information; and identify the precise location of- the confidential information within- -the document being-filed?! hereby certify:
Title/Tvpe of Documentfsl:
Indicate- the applicable confidentiality provision(s) below-from Rule -2.420(d)(l)(B)r-by specifying the location within the-doeument on-the space provided:
====-Chapter-39 records relating to dependency matters, termination of parontal righta, guardinns-ad-lttemv ehilé-abuse, neglect, and abandonment^ 39.0132(3), Fla. Stat.-(íf the document is filed within-a Chapter-39-ease, this-form-is-aotreqair-edA
===-Adoption records. § 63.162, Fkh-Statr(lf the document is filed within a Chapter 63-adoption case, this form-ls not required^
..Social-Security, bank account-,- charge, debit, and credit card -numbers in court records: ⅞ U9.Q7-14(-l-)(-i-)-(j), (2)(a) (e), Fla. Stat.-(-Uttless redaction-is requested pursuant to ⅜ 119.07 H(2), this information-is exempt-oniy-as of Jonuary-l-rZOll.)
-HIV-test rosults-nnd-patient identity within the HIV test results. ⅜-3⅝1,004(3)(e), Fla. Stat:-
===-Sexually transmitted diseases-test-results and identity within-the test results *839 when-provided by the Deportment of Health or the--department’s authorized representative. § 384.29, Fla.- Stat.
:-Birth and death-eertifieates;-including-court issued delayed birth certificates and fetal donth-certificates.--§£-382-.008(6), 382.025(l)(a)-Fla. Stat-.
:-Identifying information in-petition by minor-for-waiver of parental-notice when seeking-to-terminote pregnancy. § 390.01116,-Fla. Stnt. (If the-document is filed within o-Gh; 390 waiver of-parentnl-noticecose-.-this-form is not required:)
:-Identifying information in clinical mental-health records under the Baker Act. §304;4615(7), Fla. Stat.
;-Records ef-snbstance abuse service providers- -which- pertain te-the-identity, diagnosisrand prognosis of nnd-service-provision to individuals who have received services feom-substonce abuse-service providers. § 397.501(7), Ha: Stat.
;-Identifying information-in'clinical records of detained- eriminal-defendants found inoompetent to proceed-or acquitted by-reason of insanityr-§-916.107(8). Ftor-Stat.-
-Estate inventories-and-accountings.-⅝-7-3⅝⅛04(1), Fla. Stat.
:-⅜⅛⅛-⅜-address in domestic ■ violence- notion on petitioner’s request. — §■ 741.30(3)(b), Fla. Stat.
:-Information idcntifying-victims of sexual offenses, including child sexual abuse. §H19.071(2)(h), 119.0714(l)(h), Fla. Stat.
-Gestational surrogacy-records. §-742-16(9), Flo. Stat-.
--Guardianship-reports and-orders appointing court-monitors in guardianship cases; §§-744rl076,744.3701, FlmStat.-
:-Grand jury reeords:-Ch. 905, Fla. Stat. (If the document-⅛ filed in a Chi 905 grand jury proeeedmg;-this form is net-required-.-)
:-Information aoqnifed-by-eourts and law enforcemont-regording-family servioos for children. § 984.06(3)--('1), Fin. Stat. (If the -document is filed in a Ch. 984 family services' for children-case, this-form-is not-required.)
--Juvenile — delinquency—records. -⅜§ — 9⅝-5⅜'1 (1-), 985.045(2), Fla. Stat.- (If the document is filed in a Gh-985 juvenile delinquency case, this form is not required.)
z-Information disclosing the identity-ef-persons- subject to tuberculosis proceedings ond-records of the Deportment of Health-in-suspeoted tuberenlosis-cases. §§ 392.545, 392.65, Fla. Stat.
*840 ===-Prcaentonce investigation report»' - and attached- psychological or-psyehiatric evaluations. Fin. R. Crim. Pt3t7-1⅜§§ 921.231{-¾(⅞), 94 8.015(9);-HarStatT
( ) Cl) I am filing herewith a document containing confidential information as described in Rule 2.420(dl(11fB! and that:
Cal The title/tvoe of document is:_ . and:
(hit 1 the entire document is confidential, or ( 1 the confidential information within the document is precisely located at:
OR
( ) (21A document was previously filed in this case that contains confidential information as described in Rule 2.420(dl(ll(B!. but a Notice of Confidential Information within Court Filing was not filed with the document and the confidential information was not maintained as confidential bv the clerk of the court I herbv notify the clerk that this confidential information is located as follows:
(at Title/tvoe of document:__ (bl Date of filing (if known!:_ (cl Date of document:_ _ (dt Docket entry number: _ (et( 1 Entire document is confidential, or ( 1 Precise location of confidential information in document:
Filer’s Signature
CERTIFICATE OF SERVICE
I HEREBY CERTIFY that a copy of the foregoing was furnished by U.S. mail/personal-servieef e-mail 1 (delivery! (maill (fax) toon: (All Parties and Affected Non-Parties. Note: If the name or address of a Party or Affected Non-Partv is confidential DO NOT include such information in this Certificate of Service. Instead, serve the State Attorney or request Court Service. See Rule 2.420(ktt___ ■ on __ 20_.
Attorney Name. Address. Phone.. Florida Bar No. (if applicable! E-mail address.
Note: The clerk of court shall review filings identified as containing confidential information to determine whether the information is facially subject to confidentiality under the identified- provisionsubdivision (d)(1)(B). The clerk shall notify the filer in writing within 5 days if the clerk determines that the information is NOT subject to confidentiality, and the records shall not be held as confidential for more than 10 days, unless a motion is filed pur *841 suant to subdivision (d)(3) of the Rule. Fla. R. Jud. Admin. 2.420(d)(2).

. We have jurisdiction. See art. V, § 2(a), Fla. Const.

. The committee vote was 19-4 on proposed new subdivision (h) (oral motions). The committee vote was 20-1-1 on the amendments to subdivision (d)(2) (filing notice of confidential information), the notice form, and new subdivision (k) (service) (proposed as subdivision «)).

. We agree with the comment filed by the Access Subcommittee and again decline FPDA's request to add psychological or psychiatric evaluations and reports filed in criminal cases to the subdivision (d)(1)(B) list of automatically confidential information. See In re Amends, to Fla. Rule of Jud. Admin. 2.420, 68 So.3d 228, 230 (Fla.2011) (rejecting same request by FPDA and others).

. See Fla. R. Jud. Admin. 2.420(a).